FILED

JUL 2 2 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| COREY JERRY PRITCHETT, | ) | |
|---|---|---|
| | ) | Civil No. 08-1500-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DON MILLS, | ) | |
| | ) | |
| Respondent. | ) | |

Haggerty, District Judge.

Currently pending before the court in this habeas action is respondent's Motion to Dismiss Without Prejudice (#19) based on petitioner's failure to exhaust his state-court remedies. See 28 U.S.C. § 2254(b)(1)(1997).

### DISCUSSION

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. Rose

1 - ORDER

v. Lundy, 455 U.S. 509, 519-519 (1982). 28 U.S.C. § 2254(b)(1) requires petitioners to exhaust state remedies on all claims unless there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.

In this case, petitioner was convicted of multiple counts of theft and securities fraud. Judgment on these convictions was entered on September 8, 2008. Petitioner appealed his conviction and sentence, but in an Order dated November 18, 2008, the Oregon Court of Appeals dismissed the appeal on its own motion based on its determination that petitioner's outstanding, timely filed, motion in arrest of judgment rendered the Judgment unappealable unless and until the trial court entered a written order disposing of the motion. Motion to Dismiss Without Prejudice (#19), Exhibit B, p. 1. Accordingly, the Oregon Court of Appeals dismissed the appeal in order to restore the trial court's jurisdiction to enter a written order disposing of petitioner's motion in arrest of judgment. Id. at 2.

Petitioner filed this action on December 30, 2008 asserting that because the trial court failed to enter a written order disposing of his motion in arrest of judgment, he has no adequate or available state court remedies under Oregon law. On May 13, 2009, however, the trial court entered a written order denying petitioner's motion in arrest of judgment. Id., Exhibit C.

2 - ORDER

As such, respondent's contention that petitioner is now free to proceed with the direct appeal of his conviction is well taken.

Though I note that petitioner argues that he has been prejudiced by the several month delay in his case and by the "loss of time of his one year time limit" (Petitioner's Objection to Respondent's Motion to Dismiss (#26), p. 1), any determination by this court as to whether respondent has prevented petitioner from filing a timely federal habeas petition and/or whether petitioner is entitled to equitable tolling is premature.

## CONCLUSION

Based on the foregoing, respondent's Motion to Dismiss without Prejudice (#19) is GRANTED.

IT IS SO ORDERED.

DATED this __20__ day of July, 2009.

_____
Ancer L. Haggerty
United States District Judge

3 - ORDER